SIMONE BERTOLLINI
Attorney ID: SB1961
9000 Clay Rd., Suite 110
Houston, Tx 77080
Tel: (973) 750-8922
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN GIOVANNI PORTELLI, FUNARO & CO., P.C. | |
| Plaintiffs, | Case No. 1:25-cv-6333 |
| v. | **COMPLAINT** |
| LOREN K. MILLER, Director, Nebraska Service Center KIKA SCOTT, Director, USCIS; | |
| Defendants. | |

Plaintiff, RUBEN GIOVANNI PORTELLI is a citizen of Italy that filed an I-485 adjustment of status application with the U.S. Citizenship and Immigration Services ("USCIS") last February 2024. His application has been pending since then.

Plaintiff, FUNARO & CO, P.C. is an accounting and auditing firm with offices in New York, Italy, and Germany. Last February 2024, Funaro filed an I-140 petition on behalf of Mr. Portelli and still awaiting its adjudication.

Plaintiffs respectfully request this Court to compel USCIS to adjudicate their pending cases within a reasonable a time pursuant to 5 U.S.C. § 706.

## JURISDICTION

This action arises under the United States Constitution and the statutes of the United States, including the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory relief) and may review Respondents-Defendants' actions or omissions under the APA, 5 U.S.C. § 555, 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361.

## VENUE

Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(e), because it is a judicial district wherein a plaintiff in the action resides.

## PARTIES

Plaintiff, RUBEN GIOVANNI PORTELLI ("Mr. Portelli"), residing at 669 Bergen Ave, Apt 603, Jersey City, NJ 07304.

Plaintiff, FUNARO & CO., P.C. ("Funaro"), residing at 350 Fifth Ave, Fl. 41, New York, NY 10118.

Defendant, LOREN K. MILLER, the Director of the U.S. Citizenship and Immigration Services, Nebraska Service Center, residing at 850 S Street, Lincoln, NE 68508, which is ultimately responsible for the adjudication of employment-based applications for adjustment of status pending with the Nebraska Service Center.

Defendant, KIKA SCOTT, the Director of the U.S. Citizenship and Immigration Services, residing at 111 Massachusetts Ave., Washington, DC 20529, which is responsible for the overall oversight of the agency and to oversee, interpret, and enforce the INA.

## STATEMENT OF FACTS

1. Mr. Portelli is a citizen of Italy that has lived in the United States since August 2014.

2. Mr. Portelli earned a Master of business administration degree from Hofstra University in 2016.

3. On or about September 20, 2021, Mr. Portelli started working at Funaro & Co.

4. On or about May 2022, Funaro decided to sponsor Mr. Portelli for permanent resident status and started the recruitment steps required to file a labor certification application with the U.S. Department of Labor.

5. Last February 27, 2024, after approval of their labor certification application, Funaro filed Form I-140 with the Nebraska Service Center. Mr. Portelli concurrently filed an I-485 adjustment of status application.

6. After almost a year and a half, USCIS has not adjudicated the I-140 petition or the I-485 application.

7. The USCIS website indicates that the Nebraska Service Center's "normal" processing times are 6.5 months for a "skilled worker" Form I-140 petition and 15 months for an employment-based I-485 application.

8. Funaro's I-140 petition and Mr. Portelli's I-485 application will remain indefinitely pending unless this Court orders USCIS to adjudicate them.

## EXHAUSTION OF REMEDIES

9. Plaintiffs have exhausted the administrative remedies to the extent required by law and their only remedy is by way of this judicial action.

10. There is no administrative mechanism in place for compelling USCIS to adjudicate an I-140 petition or an I-485 application within a reasonable time.

## EQUAL ACCESS TO JUSTICE ACT

11. If they prevail, Plaintiffs will seek attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## CLAIMS FOR RELIEF

### COUNT ONE
Agency Action Unlawfully Withheld
(5 U.S.C. § 706)

12. Plaintiff, FUNARO & CO, P.C. re-alleges and incorporates by reference paragraphs 1 through 11 above as if set forth here in full.

13. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

14. While USCIS' normal processing time for a "skilled worker" I-140 petition is just 6.5 months, Plaintiff's I-140 petition has been pending for almost a year and a half.

15. Despite having made multiple case status inquiries, USCIS has yet to adjudicate Funaro's I-140 petition.

16. There is no indication that USCIS will adjudicate Funaro's I-140 petition unless this Court orders them to do so.

## COUNT TWO
Agency Action Unlawfully Withheld
(5 U.S.C. § 706)

17. Plaintiff, RUBEN GIOVANNI PORTELLI re-alleges and incorporates by reference paragraphs 1 through 16 above as if set forth here in full.

18. While USCIS' normal processing time for an employment-based I-485 application is 15 months, Plaintiff's I-140 petition has yet to be adjudicated.

19. There is no indication that USCIS will adjudicate Mr. Portelli's I-485 application unless this Court orders them to do so.

## COUNT THREE
(Declaratory and Mandamus Relief)

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19 above as if set forth here in full.

21. The Mandamus Act, 28 U.S.C. § 1361, provides that District Courts shall have jurisdiction over any action in the nature of mandamus and may compel an officer or employee of the United States or any agency thereof to perform a duty owed to a petitioner.

22. Plaintiffs' claims as set forth in paragraphs 1 through 19 above qualify for mandamus relief because the statutory and Constitutional claims are clear, Defendants' duties are not in doubt, and no other adequate legal remedy is available.

23. The Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, provides the Court with the authority to declare the rights and other legal relations of any party.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, RUBEN GIOVANNI PORTELLI and FUNARO & CO., P.C., pray that this Court grant the following relief:

a) Assume jurisdiction over this matter.

b) Declare that Defendants' actions violated the APA and Plaintiffs' rights under the INA, the Code of Federal Regulations, and the U.S. Constitution.

c)  Order USCIS to adjudicate Plaintiff's Funaro & Co., P.C.'s I-140 petition within a reasonable time.

d)  Order USCIS to adjudicate Plaintiff's Ruben Giovanni Portelli's I-485 application within a reasonable time.

e)  In the alternative, issue a Writ of Mandamus compelling the USCIS to adjudicate Plaintiffs' pending cases within a reasonable time.

f)  Award Plaintiffs reasonable costs and attorneys' fees; and

g)  Grant any other and further relief which this Court deems just and proper.

Dated: August 1, 2025                                Respectfully submitted,

s/ *Simone Bertollini*_____
SIMONE BERTOLLINI, ESQ.
Attorney ID: SB1961
9000 Clay Rd., Suite 110
Houston, Tx 77080
Tel: (973) 750-8922
simone.bertollini@gmail.com
*Attorney for Plaintiffs*